IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEDFORD WASHINGTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-762-P-BN |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Bedford Washington has filed a 28 U.S.C. § 2254 habeas application. For the reasons stated herein, the Court should transfer the application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

On March 17, 1999, upon his plea of not guilty to the charge of murder, Petitioner was tried by a jury, found guilty, and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *See Washington v. State*, No. 05-99-00497-CR, 2000 WL 1665116 (Tex. App. – Dallas, Nov. 7, 2000, pet. ref'd). Petitioner then filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in federal court. Although the writ contained several unexhausted claims, the district court considered all grounds for relief asserted by Petitioner and denied relief on the merits. *Washington v. Cockrell*, No. 3-02-cv-0839-M, 2003 WL 193447 (N.D. Tex. Jan. 24,

2003), appeal dism'd, No. 03-10205 (5th Cir. May 12, 2003). After his federal writ was denied, Petitioner filed two state applications for post-conviction relief under Texas Code of Criminal Procedure art. 11.07. The first application was dismissed for non-compliance. *Ex parte Washington*, No. 55,184-01 (Tex. Crim. App. Mar. 19, 2003). The second application was denied without written order. *Ex parte Washington*, No. 55,184-02 (Tex. Crim. App. Oct. 1, 2003).

On July 27, 2007, Petitioner filed his second federal petition for writ of habeas corpus. The petition was dismissed without prejudice pursuant to 28 U.S.C. §2244(b) as successive. *Washington v. Quarterman*, No. 3-07-cv-1316-P, 2007 WL 2428948 (N.D. Tex. August 28, 2007), appeal dism'd, No. 07-11184 (5th Cir. January 9, 2008). Petitioner filed a third federal habeas action that was dismissed by order entered November 14, 2008 pursuant to Petitioner's request for voluntary dismissal. *Washington v. Quarterman*, No. 3-08-cv-1307-G (N.D. Tex. November 14, 2008).

Petitioner now seeks federal habeas relief for the third time. In his sole ground for relief, Petitioner claims that he is actually innocent because the original murder indictment was dismissed by the trial court judge. Dkt. No. 3 at 6. Petitioner argues that once the indictment was dismissed, the state lacked the legal authority to indict him again for the same offense. *Id.* at 17.

Before the Court may consider this latest application, it must determine whether Petitioner can bring a successive Section 2254 action without prior approval from the Fifth Circuit Court of Appeals.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3). Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider Petitioner's allegations, including those asserting his actual innocence. *See* 28 U.S.C. § 2244(b).

**Analysis**

The ground for relief set forth in the instant petition could have been raised in Petitioner's first habeas action. The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 petition. Petitioner must obtain such an order before another application for post-conviction relief may be filed. Accordingly, this 28 U.S.C. § 2254 habeas application should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

**Recommendation**

Petitioner's application for writ of habeas corpus should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 17, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE